CHARLES SEITZ, Appellant, *v.* FREDERICK HILL, Respondent.

### May 25, 1880.

Where a demand is allowed against the estate of a deceased executor for moneys in his hands belonging to the estate of his testator, and the executor's administrator, who is also one of the sureties on the executor's bond, pays the demand without an order of the Probate Court, and is compelled to refund the sum improvidently paid, the executor's estate being insolvent, he cannot compel his co-surety to refund, the payment being a discharge of the sureties.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

BROADHEAD, SLAYBACK & HAEUSSLER, for the appellant.

FINKELNBURG & RASSIEUR, for the respondent: When the debt is paid by the principal the surety is discharged, no matter where the money came from. — Brandt on Surety., sects. 292, 293 ; *Burnet* v. *Courts*, 5 Har. & J. 78 ; *Brown* v. *Haggerty*, 26 Ill. 469.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff and defendant became sureties in 1873, on the bond of Kupferle, as executor of Baumann. Kupferle died in July, 1875, and Block administered *de bonis non*.

Plaintiff and one Degenhart became executors of Kupferle. At the time of Kupferle's death he had in his hands $6,426 belonging to the estate of his testator, Baumann ; and Baumann's administrator (Block) established a demand against Kupferle's estate, in the Probate Court, for the above balance, in October, 1875. As soon as this demand was allowed, and without any order from the Probate Court, Seitz and Degenhart drew their check on the German Bank against the funds of the Kupferle estate deposited there by them, for the amount of the allowed demand, and thus paid the allowance, taking a receipt from Baumann for the amount in full of the allowance. One year afterwards, Seitz and Degenhart, in their first settlement as executors of Kupferle, took credit for the payment of the Baumann demand. In December, 1878, plaintiff, as surviving executor of Kupferle, made final settlement. The estate of Kupferle proved to be insolvent, paying only fifty-seven and one-half per cent. The executor, therefore, had to make good to those interested in the estate, out of his own pocket, the excessive and unauthorized payment made to Baumann. The sum which he was thus compelled to pay was $2,642 ; and on this state of facts he seeks to recover contribution in this action from his co-surety, Hill.

Seitz testifies that he paid the allowance in full to avoid an action on the bond against himself and Hill. The Kupferle estate was then thought to be solvent. Degenhart and Seitz, as executors, carried on the business of the store of Kupferle in the ordinary way until March, 1876, and completed a contract of his. There was a falling market, and they met with losses in the business. Seitz says that under an arrangement with his co-executor, he used the moneys that they had realized from assets of Kupferle, agreeing, at the time, that if Kupferle's estate proved insolvent on final settlement he would make good the deficiency. Hill was told nothing about the matter until December, 1878, three years after the allowance was paid. Seitz believed the estate

of Kupferle to be perfectly solvent, and acted on his own judgment in paying the allowed demand in full ; his object was to stop interest.   Hill was asked to refund to plaintiff one-half the loss, shortly before this suit was brought, and refused to do so.   The trial was by the court, and there was a finding and judgment for defendant.

We do not see how this transaction, as to the details of which there is no dispute, can be regarded as otherwise than a payment, out of the funds of the principal debtor, of the indebtedness for which Seitz and Hill were sureties.   It is well settled that payment by the principal debtor discharges the sureties, no matter where the money came from.   Brandt on Surety., sect. 292.   The debt of Kupferle was paid in full, though this ought not to have been done ; and it does not appear that any attempt at reclamation has been made against the estate of Baumann.   Hill might well suppose that the indebtedness of Kupferle to the Baumann estate was fully discharged, and, resting on that assurance, he may have neglected to take steps to secure himself which he otherwise might have taken.   Had he supposed that the estate of Kupferle was liable for moneys received by Kupferle as executor of Baumann, and not accounted for, he might possibly have exerted himself in regard to the Kupferle estate so as to reduce its liabilities or increase its assets, or he might have inaugurated proceedings to recover back from the Baumann estate for the estate of Kupferle a portion of the money improvidently paid in discharge of the allowed demand.   If Seitz made a mistake in paying this allowed demand, it is difficult to see why Hill should be exposed to suffer for this.   His liability as surety ought not to be extended.   It was due to Hill that he should have immediate notice of the fact, if, as is now contended, the payment of the judgment with the funds of the Kupferle estate, was meant as a payment by his co-surety with moneys borrowed from the estate of which he was executor.   We do not think that the transaction can be so regarded ; but supposing

this possible, then Hill was thrown off his guard, and perhaps prevented from taking steps to have secured himself whilst the estate of Kupferle was regarded as still solvent. But for this payment, Hill might have paid the judgment against Kupferle's estate himself, and have put himself in the posi-. tion of a creditor of the estate, interested in its management.

The judgment of the Circuit Court is affirmed. Judge HAYDEN concurs; Judge LEWIS is absent.